IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB SCOTT GOODWIN, | ) | |
|     Petitioner, | ) | Civil Action No. 7:22-cv-00517 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Jacob Scott Goodwin, proceeding *pro se*, filed this petition for a writ of habeas corpus, 28 U.S.C. § 2254, challenging his 2018 conviction and sentence for malicious wounding. (Habeas Pet., Dkt. No. 1.) Before the court is respondent's motion to dismiss. (Dkt. No. 7.) For the reasons stated below, respondent's motion will be granted.

I.  BACKGROUND

On August 12, 2017, petitioner attended the "Unite the Right" rally in Charlottesville, Virginia. As he and a group of protesters walked past a parking garage, a skirmish broke out between a protester holding a confederate flag and a group of counter-protesters. Petitioner joined the altercation, during which Deandre Harris, a Charlottesville resident, was injured.

Goodwin was charged with the malicious wounding of Harris. After a two-day jury trial, he was found guilty in the Circuit Court for the City of Charlottesville. On August 23, 2018, he was sentenced to a term of ten years in prison. (*See* Resp't's Ex. 2, Dkt. No. 9-2 at 1–2.) Final judgment was entered on September 7, 2018. (Resp't's Ex. 1, Dkt. No. 9-1.) His conviction was affirmed in a published opinion by the Court of Appeals of Virginia. (Resp't's Ex. 2.) The appeals court rejected Goodwin's argument that the trial court erred by not striking four prospective jurors for cause because the answers they gave about their activities and beliefs

during voir dire showed bias. (Ex. 2 at 2.) The court also found that there was sufficient evidence to support Goodwin's malicious wounding conviction, rejecting the argument that his participation in the altercation was minimal and did not establish his guilt under a concert of action theory. (*Id.* at 17 of 122.) Goodwin's petition for appeal to the Supreme Court of Virginia was refused on August 5, 2020. (Ex. 2 at 23 of 122.)

On or about July 27, 2021, Goodwin filed a habeas petition in the Supreme Court of Virginia. (Record No. 210724; Resp't's Ex. 3, Dkt. No. 9-3.) He claimed that his conviction violated the Sixth Amendment because he was never provided with notice he could be convicted based on concert of action; that he was the victim of prosecutorial misconduct; that he was denied a fair trial because the jury was not impartial; that the trial court erred in instructing the jury on concert of action; that the evidence was insufficient to prove that he injured Harris and that he had any intent to do so; and that he was denied equal protection. Petitioner further raised several claims of ineffective assistance of counsel. The petition was denied on August 19, 2022. (Ex. 3 at 1–9.)

## II. ANALYSIS

### A. Petitioner's Claims

Goodwin alleges the following claims: (1) his detainment is unlawful because he was not given notice of the convicted offense, concerted action is not an element of malicious wounding, the jury did not find petitioner guilty of the intent element, and the concert of action instruction, as applied in this case, is unconstitutional; (2) ineffective assistance of counsel for failing to raise issues in ground one; (3) ineffective assistance of counsel for raising self-defense rather than mutual combat;[1] (4) his detention is unlawful because he was not tried by an impartial jury, and

---

[1] The first page of this claim is missing from his petition. The court agrees with respondent that this claim mirrors the same claim as it was raised in the state habeas proceedings.

counsel was ineffective for not presenting evidence of bias; and (5) his due process rights were violated because he was not indicted with acting in concert, and counsel was ineffective for failing to object to the concert of action jury instruction. (*See* Habeas Pet.)

## B. Exhaustion and Procedural Default

A state prisoner must exhaust his remedies in state court before seeking habeas corpus relief in federal court. 28 U.S.C. § 2254(b). A federal court "may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000). Further, the petitioner must present to the state court the same operative facts and the same controlling legal principles that he seeks to present to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002). Failure to do so "deprive[s] the state court of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A petitioner must also present his federal claims to the appropriate state court in the manner required by the state court, so as to give the state court "a meaningful opportunity to consider allegations of legal error." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). A state prisoner does not "fairly present" a claim for exhaustion purposes when the claim is raised in "a procedural context in which its merits will not be considered." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

"A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker*, 220 F.3d at 288; *see Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (describing the procedural default doctrine as a "distinct but related limit on the scope of federal habeas review"). Simultaneous exhaustion and

procedural default occurs "when a habeas petitioner fails to exhaust available state remedies and 'the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 722). In that case, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default." *Baker*, 220 F.3d at 288.

Respondent argues that parts of grounds one and five, described above and as follows, are procedurally defaulted:

> Petitioner's detainment is unlawful because he was never served with notice of the offense he was convicted of, concerted action is not an element of malicious wounding in the code section he was charged under, and the concert of action jury instruction, as applied in this case, is unconstitutional because it relieved the Commonwealth of its burden to prove all the elements of malicious wounding beyond a reasonable doubt (ground one); and

> Petitioner's detention is unlawful because he was not afforded due process of law; and his due process rights were violated because he was not indicted with acting in concert (ground five).

(*See* Resp't's Br. 21–27, Dkt. No. 9.) These claims are simultaneously exhausted and defaulted because the Supreme Court of Virginia found that they were issues that "could have been raised at trial and on direct appeal" and, thus, are not cognizable in a petition for a writ of habeas corpus. (Resp't's Ex. 3 at 1, 7.) They were dismissed pursuant to *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), which provides that a "petition for a writ of habeas corpus may not be employed as a substitute for an appeal or a writ of error." "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." *Id.* The Fourth Circuit has recognized

4

*Slayton* as an independent and adequate state law ground that precludes federal review. *See Lewis v. Wheeler*, 609 F.3d 291, 309 (4th Cir. 2010).

Because *Slayton* is an independent and adequate state law ground precluding federal review, and because petitioner has not demonstrated cause and prejudice to excuse the default or a miscarriage of justice,[2] these claims are procedurally defaulted.[3]

**C. Merits Standard of Review**

Pursuant to § 2254(d), "a petitioner is entitled to relief only the state court adjudication of their claim was [1] 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court'; or [2] 'based on an unreasonable determination of the facts in light of the evidence presented.'" *Allen v. Stephan*, 42 F.4th 223, 246 (4th Cir. 2022) (quoting 28 U.S.C. § 2254(d)). "The role of a federal habeas court is to guard against extreme malfunctions in the state criminal justice systems, not to apply *de novo* review to factual findings and to substitute its own opinions for the determinations made on the scene by the trial judge." *Davis v. Ayala*, 576 U.S. 257, 276 (2015).

"Clearly established Federal law" for purposes of § 2254(d)(1) includes only "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014). "A state court's decision is 'contrary to' clearly established federal law under § 2254(d)(1) when it 'arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law' or 'decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts.'" *Allen*, 42 F.4th at 246 (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). A state court's decision is an "unreasonable application" of clearly

---

[2] Petitioner did not file a response to respondent's motion to dismiss. (*See Roseboro* Notice, Dkt. No. 11.)

[3] With respect to the balance of petitioner's claims, the court agrees with respondent that they are the same claims addressed by the Virginia courts, even though they are phrased slightly differently.

5

established federal law if the state court correctly identified the governing legal principle but "'unreasonably applie[d] that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413). This standard is meant to be "difficult to meet." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "'The ruling must be objectively unreasonable, not merely wrong; even clear error will not suffice.'" *Allen*, 42 F.4th at 246 (quoting *Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017)). The petitioner "must show that the state court's ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

A state court's factual determinations, meanwhile, "are presumed correct, and the petitioner must rebut this presumption by clear and convincing evidence." *Allen*, 42 F.4th at 246 (citing 28 U.S.C. § 2254(e)(1)). A state court's decision is based on an "unreasonable determination of the facts in light of the evidence presented" under § 2254(d)(2) when it is "'sufficiently against the weight of the evidence that it is objectively unreasonable.'" *Id.* (quoting *Winston v. Kelly*, 592 F.3d 535, 554 (4th Cir. 2010)). "[E]ven if '[r]easonable minds reviewing the record might disagree' about the finding in question, 'on habeas review that does not suffice to supersede the trial court's . . . determination.'" *Wood v. Allen*, 558 U.S. 290, 301 (2010) (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)). "Where the state court conducted an evidentiary hearing and explained its reasoning with some care, it should be particularly difficult to establish clear and convincing evidence of error on the state court's part." *Sharpe v. Bell*, 593 F.3d 372, 378 (4th Cir. 2010). This is "especially so" when the state court "resolved issues like witness credibility." *Id.* (quoting *Cagle v. Branker*, 520 F.3d 320, 324–25 (4th Cir. 2008)). Credibility judgments may be overturned only when the error is "stark and clear." *Id.*

Even if a petitioner meets his burden under § 2254(d) and establishes the state court erred, "habeas relief will not be granted unless the error had substantial and injurious effect or influence in determining the jury's verdict" or there is at least "grave doubt as to the harmlessness" of the error. *Allen*, 42 F.4th at 246–47 (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993), and *Fullwood v. Lee*, 290 F.3d 663, 679 (4th Cir. 2002) (internal quotation marks omitted)).

In determining whether the state court's decision is contrary to, or an unreasonable application of, clearly established federal law, the court looks to the last reasoned state court opinion. *See Lewis v. Clarke*, Case No. 7:20CV00421, 2021 WL 1541034, at *5 (W.D. Va. Apr. 20, 2021) ("On habeas review, a federal court is to 'look through' the summary decision to the last court decision providing a rationale for the merits decision and to presume that the state high court adopted the same reasoning.") (citing *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018)). In this instance, the relevant opinions are from the Court of Appeals of Virginia and the Supreme Court of Virginia. (*See* Resp't's Exs. 2, 3.)

**1. Conviction is void because jury did not find petitioner guilty of the intent element**

Petitioner argues that the Commonwealth failed to prove he intended to wound Harris and the jury verdict did not explicitly state that it found petitioner acted with intent. (*See* Habeas Pet. at 15 of 28 ("The facts are clear, the verdict form did not cite 'on the issue joined, as charged in the indictment, or with the intent to maim, disfigure, or kill,' and as such is void.")). The Supreme Court of Virginia addressed and rejected this claim in the context of evaluating deficient performance and prejudice under the *Strickland* ineffective assistance of counsel analysis. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel "did argue the evidence failed to prove petitioner intended to wound Harris, and that it instead showed

7

petitioner merely intended to ward off Harris' attack." (Ex. 3 at 3.) The "jury was instructed that, to find petitioner guilty of malicious wounding, it had to find he wounded or caused bodily injury to Harris, that such wounding was 'with intent to kill or permanently maim, disfigure, or disable' Harris, and that the 'act was done with malice.' The jury thereafter found petitioner guilty of malicious wounding." (Ex. 3 at 3.) It was therefore reasonable for counsel to determine that "it was unnecessary for the verdict to recite that the jury found petitioner had the intent to maim, disfigure, disable, or kill Harris." *Id.*

Sufficiency of the evidence to support a state court conviction beyond a reasonable doubt is a constitutional due process claim. *See Jackson v. Virginia*, 443 U.S. 307, 322 (1979). The evidentiary standard for such a claim is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. Since the enactment of § 2254(d), *Jackson* claims "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012).

> First, it is the responsibility of the jury—not the habeas court—to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury. And second, on habeas review, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was objectively unreasonable.

*Id.* (citing *Cavazos v. Smith*, 565 U.S. 1 (2011)). In other words, even when "reasonable minds reviewing the record might disagree" about the state courts' rulings on sufficiency, "on habeas review that does not suffice to supersede" those rulings under the deference demanded by § 2254(d). *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). To grant relief on a § 2254 habeas claim

8

that centers on factual issues, such as a sufficiency of the evidence challenge, "a federal habeas court must find the state-court conclusion 'an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Id.* at 339 (citing § 2254(d)(2)). In making this determination under § 2254(d), the federal court may not "use a set of debatable inferences to set aside the conclusion reached by the state court." *Id.* at 342.

When viewed through these layers of deference, it is clear to the court that the state court's determination that jury impliedly determined that Goodwin acted with the requisite intent was not contrary to or an unreasonable application of clearly established federal law. Counsel argued that Goodwin did not act with intent, and the jury was instructed on the element. Thus, Goodwin's due process claim will be dismissed.

**2. Ineffective assistance of counsel for not arguing that petitioner was not served with notice of the crime charged or that concerted action is not an element of malicious wounding under Virginia Code § 18.2-51**

When a state prisoner seeks § 2254 relief for ineffective assistance of counsel, courts apply the "highly deferential" *Strickland* standard. *Owens v. Stirling*, 967 F.3d 396, 412 (4th Cir. 2020). In *Strickland*, the Supreme Court set forth a two-part test to evaluate ineffective assistance of counsel claims. First, the petitioner must show counsel's performance was deficient and fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687–88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Counsel gets the strong presumption that he or she rendered "adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Burt v. Titlow*, 571 U.S. 12, 22 (2013).

"AEDPA and *Strickland* thus provide 'dual and overlapping' lenses of deference, which we apply 'simultaneously rather than sequentially.'" *Owens*, 967 F.3d at 411. "This double-deference standard effectively cabins our review to a determination of whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Morva v. Zook*, 821 F.3d 517, 528 (4th Cir. 2016).

The Supreme Court of Virginia rejected Goodwin's argument in his state habeas petition that counsel was deficient for arguing lack of notice or that concert of action is not an element of the crime of malicious wounding:

> Thus, while a malicious wounding may be committed through concert of action, concert of action is not an element of the offense. Accordingly, counsel reasonably could have determined any argument that the Commonwealth constructively amended petitioner's indictment by arguing he was guilty of malicious wounding under a concert of action theory or that the Commonwealth could not raise a concert of action theory because it had not been charged in the indictment would have been frivolous. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

(Ex. 3 at 2–3 (internal citations omitted).)

> …
>
> Virginia has long recognized the principle of concert of action . . . . Accordingly, counsel reasonably could have determined any objection to a concert of action instruction on the ground that it improperly relieved the Commonwealth of its burden to prove petitioner directly caused Harris' injuries would have been frivolous. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

(Ex. 3 at 8 (internal citations omitted).) Petitioner maintains that it is "not debatable" that counsel "had a professional duty to know and argue this issue," and that because of counsel's

10

"failure to investigate the law," petitioner was "prejudiced thereby because he was found guilty of § 18.2-41, malicious wounding by mob, that he was not charged with in violation of due process." (Habeas Pet. at 17 of 28.) Contrary to this contention, the Supreme Court of Virginia explains that concert of action is not an element of malicious wounding, and thus, counsel did not act unreasonably in failing to pursue certain arguments or objections; this analysis presents reasonable arguments that counsel satisfied *Strickland*. Therefore, the court will dismiss this claim for relief in Goodwin's § 2254 petition.[4]

### 3. Ineffective assistance for raising self-defense instead of mutual combat

Goodwin argues that his counsel should have argued that Harris willingly engaged in mutual combat, rather than arguing that petitioner acted in self-defense. Goodwin maintains that the self-defense theory had no chance of prevailing at trial because someone claiming self-defense must prove that he made known his intention for peace and fled as far as possible. (Habeas Pet. at 19 of 28.) The Supreme Court of Virginia rejected this argument, reasoning as follows:

> The record, including the trial transcript, demonstrates that petitioner testified he saw Harris and several other men fighting over a confederate flag. Petitioner claimed Harris struck the person holding the flag. Petitioner turned away, and when he turned back the altercation had moved into a parking garage. Petitioner stepped between a line of people and saw Harris running toward him. Petitioner claimed he thought Harris was attacking him. Harris tripped and fell and petitioner used his 'feet to keep [Harris] off me.' Petitioner claimed he saw something behind Harris, in his hand, so he again used his feet to defend himself from Harris, 'kind of like a boxer uses a jab,' keeping his hand behind his shield. Petitioner claimed Harris got up, something still in his hand, fell again, and jumped up and that Harris looked 'enraged.' Petitioner claimed that at one point Harris managed to get his hand inside petitioner's shield, but at no point did he claim Harris struck him in any way or . . . attempted to do so. Petitioner also admitted to kicking Harris

---

[4] Petitioner's claim that counsel was ineffective for failing to object to the concert of action jury instruction lacks merit for the same reasons. (*See* Habeas Pet. Claim 5.)

11

> 'in the rear' as Harris was moving away from him. Petitioner claimed he was trying to 'neutralize [Harris] as a threat.' Petitioner claimed he was 'terrified' throughout the encounter.
>
> Under the circumstances, counsel reasonably could have determined, based on petitioner's own testimony, that there was no evidence to support a theory of mutual combat as the violence was entirely one-sided. Mutual combat must be 'voluntarily and mutually entered into.' *Harper v. Commonwealth*, 165 Va. 816, 820 (1936). Accordingly, petitioner cannot demonstrate it was unreasonable for counsel to argue petitioner was defending himself from what he reasonably perceived as a threat of death or serious bodily harm to himself at Harris' hands . . . and to forgo any argument that petitioner's actions should be excused because Harris entered into mutual combat with him. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

(Resp't's Ex. 3 at 4–5.) Thus, despite Goodwin's argument that the self-defense argument had no chance of succeeding, it was still reasonable to conclude that the mutual combat defense was also a non-starter. Thus, counsel did not act deficiently under *Strickland*, and the court will dismiss this claim for relief in Goodwin's § 2254 petition.

### 4. Impartial jury

Goodwin further argues that jurors 11, 15, 23, and 125 were biased. These individuals admitted to associations with groups such as Black Lives Matter and Antifa. (Habeas Pet. at 9 of 28.) The trial court denied counsel's motion to strike these jurors for cause. (Resp't's Ex. 2 at 17.)

The Sixth Amendment mandates that in "all criminal prosecutions, the accused shall enjoy the right to a . . . trial[] by an impartial jury." U.S. Const. amend. VI. The Supreme Court has long recognized that the Sixth Amendment prohibits biased jurors from serving on criminal juries. *See United States v. Wood*, 299 U.S. 123, 133 (1936) (recognizing that the Sixth Amendment's text prohibits partial jurors, whether the bias is "actual or implied"). A criminal

12

defendant has a constitutional right to a jury free from prejudice and "capable and willing to decide the case solely on the evidence before it." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). To protect that right, a trial judge must be "ever watchful to prevent prejudicial occurrences," *id.*, and therefore must conduct *voir dire* in a manner that adequately identifies unqualified or potentially biased jurors, *see Morgan v. Illinois*, 504 U.S. 719, 729–34 (1992).

A juror's bias may be established by showing (1) that the juror "failed to answer honestly a material question on *voir dire*"; and (2) that a "correct response [to that question] would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). Additionally, a litigant must show that the fairness of his trial was affected either by the juror's "motives for concealing the information" or the "reasons that affect the juror's impartiality." *Id.*

The Court of Appeals of Virginia addressed this argument and found that the "trial court's challenged findings regarding juror impartiality are clearly supported by the record." (Resp't's Ex. 2 at 17.) First, petitioner challenged the trial court's decision to deny his motion to strike jurors 15 and 125 "because of answers that they gave that he characterizes as equivocal." (*Id.* at 10.) However, both jurors provided "other unequivocal answers to questions regarding their ability to be impartial," and "the larger context provided by the record supports the trial court's conclusion that they both believed that they could be impartial and fair." (*Id.*)

Next, petitioner contended that the activities and associations of jurors 15, 23, and 11, with groups such as Black Lives Matter and Antifa were bases for strikes for cause. (*Id.* at 11.) However, "none of the prospective jurors indicated an inability to put aside their personal opinions and provide the appellant with a fair trial based on the evidence presented." (*Id.* at 12.) For example, juror 15 was asked whether his prior protests with and friendships with members of

13

Antifa "would affect his ability to give the appellant a fair trial, and he indicated that they would not hinder his ability to be an impartial juror." (*Id.*)

Finally, the "trial judge remarked frequently regarding the demeanor of the prospective jurors and emphasized that their respective responses did not give him any concern about their ability to remain impartial." (*Id.* at 17.) Moreover, it was "worth noting that the judge clearly analyzed the answers and demeanor of the prospective jurors in this case because he ultimately granted two of the appellant's motions to strike jurors for cause during individual *voir dire*." (*Id.* at 17.)

Thus, while these individuals admitted to participating in activism opposed to the Unite the Right rally, any inference of bias was overcome by the trial judge's *voir dire* of the jurors. This analysis by the Court of Appeals of Virginia is not contrary to or an unreasonable application of clearly established federal law.

Petitioner also argues that counsel was ineffective for not presenting certain evidence of juror bias. He contends that counsel should have pointed out to the court that there had been so much widespread and inflammatory media coverage that the trial should have been conducted somewhere other than Charlottesville. (Habeas Pet. at 20 of 28.) Petitioner also reiterates his argument about biased jurors, arguing that counsel was ineffective in this regard. The Supreme Court of Virginia (the state habeas court) rejected both arguments because counsel objected to the biased jurors by arguing they should be struck for cause, and counsel moved for a change of venue. (Resp't's Ex. 3 at 5–6.) Thus, the determination that counsel did not render deficient performance was not an unreasonable application of the *Strickland* standard.

For these reasons, the court will dismiss petitioner's claims pertaining to his right to trial by an impartial jury.

**D. Certificate of Appealability**

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" on a § 2254 petition. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, which is the case here with respect to claims that Goodwin has procedurally defaulted, a petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Goodwin has failed to make the requisite showing. Therefore, the court declines to issue a certificate of appealability. However, Goodwin may still ask the United States Court of Appeals for the Fourth Circuit to issue such a certificate. *See* Fed. R. App. P. 22(b).

### III.  CONCLUSION

For the reasons stated in the foregoing opinion, the court will issue an appropriate order granting respondent's motion to dismiss, denying Goodwin's § 2254 petition, and declining to issue a certificate of appealability.

Entered: March 4, 2024.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge